UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN T. GEORGE, et al.,

Plaintiffs,

v.

GOVERNOR GRETCHEN WHITMER and HEIDI E. WASHINGTON,

Defendants.

Case No. 20-12579
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [56], GRANTING MOTION FOR SUMMARY JUDGMENT [20], AND DISMISSING AS MOOT ALL REMAINING MOTIONS [21, 25, 32, 38]**

Sixteen plaintiffs filed this action against Governor Gretchen Whitmer and Michigan Department of Corrections (MDOC) Director Heidi Washington, alleging that MDOC's management of COVID-19 risks for prisoners with pre-existing medical conditions at Cooper Street Correctional Facility in Jackson, Michigan violates the Eighth Amendment's prohibition of cruel and unusual punishment. (ECF No. 1.) All plaintiffs seek damages and injunctive relief, including an order directing MDOC to identify all prisoners who have "documented pre-existing medical conditions causing the person to be immunocompromised," including diabetes, cancer treatment, HIV/AIDS, and severe obesity, and transfer those prisoners to a facility with individual cells. (ECF No. 1, PageID.2, 26.) The parties have filed a series of motions that are now before the Court. For the reasons given, the Court will grant Defendant's motion for summary judgment.

## I. Background

All pretrial matters were referred to Magistrate Judge Patricia T. Morris on October 26, 2020. (ECF No. 10.) The Court previously denied the remaining Plaintiffs' request for a TRO because they did not demonstrate a likelihood of success on the merits for their Eighth Amendment

claim. (ECF No. 40.) The Court also dismissed four plaintiffs who were not currently incarcerated for lack of standing. (*Id.*) Since that ruling, according to the court docket, Plaintiffs George Tillery, Tyrone Taylor, and Lothario Triplett have been paroled, and Plaintiff Michael Comtois has passed away. (ECF No. 56, PageID.1035.) (It is unclear whether his death was related to COVID-19.) As a result, Plaintiffs John George, Anthony Jones, Adam Meyers, Harvey Bradford, Baron Hobson, Brian Pierson, Marvin Adams, and Jeffery Derickson remain as the active Plaintiffs in this case. (*Id.*)

The parties have filed a series of motions. Plaintiffs filed a Motion to Acknowledge filed Grievances and Motion to Claim $30 million (ECF No. 21), a Motion for Discovery and Inspection (ECF No. 25), a Motion for an Order to Show Cause (ECF No. 32), and a Motion to Amend the Complaint (ECF No. 38). Defendants filed a Motion to Dismiss and Motion for Summary Judgment. (ECF No. 20).

Magistrate Judge Morris issued a report and recommendation on these five motions on April 13, 2021. (ECF No. 56.) Judge Morris recommends that the Court deny Plaintiffs' motions (ECF Nos. 21, 25, 32, 38) and grant Defendants' Motions to Dismiss and for Summary Judgment (ECF No. 20). (*See* ECF No. 56.) In her conclusion, Magistrate Judge Morris notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 56, PageID.1050.) Due to the extraordinary circumstances caused by the COVID-19 pandemic, the Court allowed for additional time to object. Plaintiffs mailed a response on April 27, 2021, which was received by the Clerk's Office on May 10th and docketed on May 13th. (*See* ECF No. 59, PageID.1242–1243). Because Plaintiffs mailed the response within the fourteen day period for

objections, the Court will consider the response timely filed. (The Court notes, however, that Plaintiffs have again filed briefing that does not conform to the Court's Local Rules. *See* ECF Nos. 41, 47.)

**II. Legal Standards**

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991).

Under the familiar standard of review, summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).. A genuine, triable issue exists if, given the facts in the record, a reasonable factfinder could return a verdict for either party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

Although Plaintiffs are proceeding pro se, the liberal pleading standard for pro se parties is "inapplicable" "once a case has progressed to the summary judgment stage." *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co*., 382 F.3d 1312, 1315 (11th Cir. 2004)). Accordingly, even pro se parties

cannot oppose summary judgment through mere allegations and unsworn filings; a response must set out specific facts showing a genuine issue for trial through affidavits or otherwise. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010).

## III. Analysis

The parties raise a number of issues in their briefing, but one issue is dispositive. "Section 1983 liability will not be imposed solely upon the basis of respondeat superior." *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 511 (6th Cir. 1996) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421; *see also Meirs v. Ottawa Cty.*, 821 F. App'x 445, 451 (6th Cir. 2020).

Judge Morris agreed with Defendants that Plaintiffs have not sufficiently alleged that Defendants Whitmer or Washington were involved in a constitutional violation because liability under § 1983 must be based on more than a theory of respondeat superior. (ECF No. 56, PageID.1043 (citing *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978)) (other citations omitted).) Judge Morris recommended that "summary judgment is proper in favor of both Defendants on this basis." (*Id.*)

That analysis most resembles a conclusion that Plaintiffs have failed to state a claim and therefore dismissal is proper under Rule 12(b); it does not appear to offer the classic summary judgment conclusion that there is no genuine dispute of fact to justify summary judgment under Rule 56(a). *Compare* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 56(a). And no discovery has taken place in this case. Thus, perhaps Whitmer and Washington should have been dismissed under Rule 12(b)(6).

But while "summary judgment is generally 'improper without discovery,'" the Sixth Circuit has held that "in certain circumstances, that 'general rule' falls flat." *United States v. Hall*, 877 F.3d 676, 684 (6th Cir. 2017) (quoting *March v. Levine*, 249 F.3d 462, 473 (6th Cir. 2001)). In this instance, just one plaintiff responded to the motion for summary judgment and did not address Whitmer's or Washington's personal involvement; Plaintiff Jones only addressed the question of administrative exhaustion. (ECF No. 31.) The Court also extended the deadline to respond to the motion for summary judgment, allowing an additional two months, but received no other responses.

As a threshold matter, therefore, Plaintiffs' objections regarding respondeat superior raise issues that were not first brought before the magistrate judge. But "absent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." *Harris v. Ocwen Loan Servicing, LLC*, No. 17-5399, 2017 WL 8791308, at *2 (6th Cir. Nov. 22, 2017) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

But even if the Court considers Plaintiffs' objections to the report and recommendation, they only reiterate the unsupported allegation that Whitmer and Washington knew about inadequate COVID-19 protocols in the prison and deliberately took no action. (ECF No. 59, PageID.1219–1220.) But Plaintiffs do not offer evidence in support of that claim, as they must to defeat Defendants' motion for summary judgment. Pro se parties cannot oppose summary judgment through mere allegations and unsworn filings; they must set out specific facts showing a genuine issue for trial through affidavits or other evidence. *Viergutz*, 375 F. App'x at 485.

Instead, Plaintiffs' objections reiterate their accusation that Defendants have filed fraudulent evidence and committed perjury. Whether this is true or not, Plaintiffs have failed to

come forward with admissible evidence of specific personal involvement by Whitmer and Washington in the conduct underlying their claims. And Plaintiffs have not identified any discovery that could support those claims.

The Sixth Circuit has ruled that a district court does not abuse its discretion by granting summary judgment without discovery where "'further discovery would not have changed the legal and factual deficiencies' of the plaintiff's claims." *Thurmond v. Cty. of Wayne*, 447 F. App'x 643, 651 (6th Cir. 2011) (quoting *CenTra, Inc. v. Estrin,* 538 F.3d 402, 420 (6th Cir. 2008)). That situation is present here. And Plaintiff's motion for discovery does not identify any evidence or discovery that could alter this conclusion. (*See* ECF No. 25). For these reasons, the Court agrees that summary judgment is appropriate here without discovery.

Accordingly, the Court ADOPTS Magistrate Judge Morris' report and recommendation (ECF No. 56). Defendants' Motion for Summary Judgment (ECF No. 20) is GRANTED and Plaintiffs' Motions (ECF Nos. 21, 25, 32, 38) are DISMISSED AS MOOT. This case is DISMISSED.

SO ORDERED.

Dated: May 18, 2021

                                                           s/Laurie J. Michelson
                                                           LAURIE J. MICHELSON
                                                           UNITED STATES DISTRICT JUDGE