UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN T. GEORGE, et al.,

    Plaintiffs,

v.

GOVERNOR GRETCHEN WHITMER
and HEIDI E. WASHINGTON,

    Defendants.

Case No. 20-12579
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION AS MOOT [57]
AND DENYING RELIEF FROM JUDGMENT [69]**

This case was closed on May 18, 2021, after the Court adopted the Magistrate Judge's report and recommendation to grant Defendants' motion for summary judgment and dismissed all remaining motions as moot. (ECF No. 60.) Two motions remain pending on the docket.

**I.**

The order granting summary judgment mistakenly omitted ECF No. 57 from the list of motions that were to be dismissed a moot. Accordingly, the Court ORDERS that Plaintiffs' prior Motion for Reconsideration (ECF No. 57) is DISMISSED AS MOOT.

**II.**

Next, since the case was closed, Plaintiffs have filed a motion for relief from the judgment of the Court. (ECF No. 69.) The Court construes Plaintiffs' motion as one for relief from judgment under Rule 60 because they argue the Court erred as a

matter of law in its final opinion and dismissal of the case. Rule 60(b) allows a district court to vacate a final judgment based on various grounds, most relevant here: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Courts must apply the last section "only in unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted)).

Plaintiffs argue that the order granting summary judgment erred by holding Plaintiffs to a higher standard than they should be as pro se litigants and "based on erroneous and inaccurate information by holding Plaintiffs to a specificity claim for harm/injury in their filed complaint without considering all thereof [in the] record." (ECF No. 69, PageID.1271–1272.) They also argue that Defendant Governor Whitmer *is* a proper defendant in a suit for injunctive relief under Sixth Circuit and U.S. Supreme Court caselaw. (*Id.* at PageID.1273.) Plaintiffs repeatedly argue that if the Court had reviewed all of the exhibits that they provided, the Court would not have dismissed the case. (*See, e.g.*, *id.* at PageID.1284.)

Having reviewed Plaintiffs' motion, the Court can confirm that it did not commit a mistake, error of law, or any other grounds required for relief from the judgment. The Court will attempt to explain again.

First, the liberal pleading standard for pro se parties is "inapplicable . . . once a case has progressed to the summary judgment stage." *Tucker v. Union of*

*Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). So Plaintiffs' argument that the Court held them to an unreasonable or illegal standard is not correct. To oppose summary judgment, the Plaintiffs were required to set out specific facts showing a genuine issue for trial through affidavits or otherwise. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010).

Even though Plaintiffs did provide extensive evidence, that evidence did not change the outcome because Plaintiffs filed a Section 1983 claim and "a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *see also Meirs v. Ottawa Cty.*, 821 F. App'x 445, 451 (6th Cir. 2020). So Plaintiffs needed to provide evidence that Defendants Whitmer and Washington knew about inadequate COVID-19 protocols in the prison and deliberately took no action. (ECF No. 59, PageID.1219–1220.) But Plaintiffs did not provide any evidence to show that. Pro se parties cannot oppose summary judgment through general allegations; they must set out specific facts showing a genuine issue for trial through affidavits or other evidence. *Viergutz*, 375 F. App'x at 485. As a result, Plaintiffs' evidence did not show what it needed to show in order to defend against summary judgment.

Finally, the Court concluded that Plaintiffs had not identified any plausible evidence that would support the claim that Whitmer and Washington knew about deficient practices and deliberately took no action. As a result, summary judgment

3

was appropriate even without discovery in this case because "'further discovery would not have changed the legal and factual deficiencies' of the plaintiff's claims." *Thurmond v. Cty. of Wayne*, 447 F. App'x 643, 651 (6th Cir. 2011) (quoting *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)).

Accordingly, the Court concludes that it did not err or commit any other mistake that would merit relief from the order granting summary judgment in favor of Defendants. Plaintiffs' motion for relief from judgment is DENIED.

SO ORDERED.

Dated: September 3, 2021

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE